# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ACMET, INC., | CV 14-00048 TJH (AJWx) |
| Plaintiff, | |
| v. | Order |
| THE WET SEAL, INC., *et al.*, | and |
| Defendants. | Judgment |

The Court has considered Plaintiff's motion for summary judgment and/or summary adjudication, together with the moving and opposing papers.

In a motion for summary judgment, when the moving party has the burden of proof at trial, as Plaintiff has here, summary judgment should be granted when the moving party produces evidence to establish a *prima facie* case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265, 270 (1986). Thus, the burden is on Plaintiff to establish a *prima facie* case that the Defendants infringed Plaintiff's copyright in "Acmet 1109."

To establish copyright infringement, Plaintiff must prove:  (1) Ownership of a valid copyright; and (2) Infringement – that the Defendants copied Acmet 1109. *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).

1    A copyright registration certificate is *prima facie* evidence that the copyright, and

2    the facts stated in the certificate, are valid. *United Fabrics Int'l, Inc. v. C&J Wear,*

3    *Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011). Plaintiff included, in support of this

4    motion, the registration certificate for Acmet 1109 that was issued by the Copyright

5    Office. Defendants, therefore, have the burden of rebutting the facts set forth in the

6    copyright certificate. *United Fabrics Int'l, Inc.*, 630 F.3d at 1257. Defendants must

7    offer evidence to rebut the presumption of validity. *United Fabrics Int'l, Inc.*, 630 F.3d

8    at 1257.

9    Defendants did not provide any evidence that Plaintiff's copyright is invalid.

10   Accordingly, the Clothing Companies have failed to rebut the presumption.

11   Plaintiff, also, has the burden of establishing that the Defendants infringed, or

12   copied, Acmet 1109. Absent direct evidence of copying, Plaintiff can establish copying

13   by showing that (1) the Defendants had access to Acmet 1109, and (2) the allegedly

14   infringing designs are "substantially similar." *L.A. Printex Indus., Inc.*, 676 F.3d at

15   846.

16   Proof of access requires an opportunity to view Plaintiff's work. *L.A. Printex*

17   *Indus., Inc.*, 676 F.3d at 846. "To prove access, [Plaintiff] must show a reasonable

18   possibility, not merely a bare possibility, that [the Defendants] had a chance to view the

19   protected work." *L.A. Printex Indus., Inc.*, 676 F.3d at 846. Absent direct evidence

20   of access, Plaintiff can prove access using circumstantial evidence of either (1) a "chain

21   of events" linking Acmet 1109, and the Defendants' access, or (2) widespread

22   dissemination of Acmet 1109. *Art Attacks Ink, LLC v. MGA Entm't, Inc.*, 581 F.3d

23   1138, 1143 (9th Cir. 2009).

24   Plaintiff seeks to prove access by showing a "chain of events" linking Acmet

25   1109 to the Defendants. Plaintiff argued that when it sent Acmet 1109 to Design by

26   Nature, LLC, Fashion Life, LLC also, obtained access to Acmet 1109 because Tony

27   Kim is the president and owner of both companies. However, there is no evidence that

28   Tony Kim, or anyone from Fashion Life, LLC ever viewed Acmet 1109. Though there

may be some slight chance that Tony Kim, or someone below him at Fashion Life, LLC viewed Acmet 1109, that chance does not create more than a "bare possibility" of a chain of events linking the Clothing Companies to Acmet 1109. *Art Attacks Ink, LLC*, 581 F.3d at 1144.

However, in the absence of proof of access, Plaintiff can still establish a claim for copyright infringement by showing that the Defendants' allegedly infringing designs are "strikingly similar" to Acmet 1109. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000).   To establish striking similarity, Plaintiff must produce evidence that the Defendants' designs could not possibly have been the result of independent creation. *Baxter v. MCA, Inc.*, 812 F.3d 421, 424 n.2 (9th Cir. 1987).

Plaintiff argues that a side-by-side comparison of Acmet 1109, and the designs on the garments produced and sold by the Defendants, reveals that Acmet 1109 was copied "in such a manner as to preclude the possibility of independent creation," and that there is no explanation for the degree of similarity other than "verbatim copying."

Summary judgment is not highly favored on questions of "substantial similarity" in copyright cases. *L.A. Printex Indus., Inc.*, 676 F.3d at 848.   However, summary judgment for a copyright plaintiff is proper where the works are so overwhelmingly identical that the possibility of independent creation is precluded. *Twentieth Century-Fox Film Corp. v. MCA, Inc.*, 715 F.2d 1327, 1330 (9th Cir. 1983).

Plaintiff has not provide any evidence, aside from an exhibit that shows a side-by-side comparison of Acmet 1109 with the garments sold at The Wet Seal, Inc. and Tilly's, Inc. to support its claim that the designs on the garments produced, and sold, by the Defendants are so overwhelmingly identical to Acmet 1109 that the possibility of independent creation is precluded.   Acmet 1109 is a two-dimensional, black-and-white, design that features a number of differently sized, and arranged triangles.   There are countless numbers of ways to combine triangles in a design that is similar to Acmet 1109.

• • • • • •

Where a party moving for summary judgment had a full and fair opportunity to prove its case, but has not succeeded in doing so, a court may enter summary judgment, *sua sponte,* for the nonmoving party. *Cool Fuel, Inc. v. Connett*, 685 F.2d 309, 311 (9th Cir. 1982). Summary judgment, *sua sponte*, against Plaintiff is proper if Plaintiff had reasonable notice that the sufficiency of its claim was in issue. *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014). Reasonable notice implies adequate time to develop facts that Plaintiff would depend on to oppose summary judgment. *Albino*, 747 F.3d at 1176. Further, Plaintiff must have an adequate opportunity to show that there is a genuine issue of material fact, and that the Defendants are not entitled to a judgment as a matter of law. *Albino*, 747 F.3d at 1177.

Plaintiff has not established that it would succeed on the merits of its claim at trial. As the movant for summary judgment, Plaintiff had a full opportunity to gather evidence, and was on notice of the need to come forward with all the necessary evidence in support of this motion. Plaintiff had adequate opportunity to conduct discovery, and to provide evidence, to carry its burden of proof that the Defendants infringed Plaintiff's copyright. Accordingly, Plaintiff "had a full and fair opportunity to ventilate the issues involved." *Cool Fuel, Inc.*, 685 F.2d at 312.

It is Ordered that Plaintiff's motion for summary judgment and/or summary adjudication be, and hereby is, Denied.

It is Ordered, Adjudged and Decreed that judgment be, and hereby is Entered, in favor of Defendants and against Plaintiff.

It is further Ordered, Adjudged and Decreed that Plaintiff shall take nothing and each party shall bear its own costs.

Date:  May 12, 2015

_____
Terry J. Hatter, Jr.
Senior United States District Judge